JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

C.T., Individually and as Parent and Guardian
of C.H., a student with a disability,

Plaintiff,

v.

JOHN B. KING, JR., in his official capacity as
Commissioner of Education of the New York
State Education Department; JAMES P.
DELORENZO, in his official capacity as
Assistant Commissioner of the New York
State Education Department; JUSTYN P.
BATES, in his official capacity as New York
State Review Officer; and THE NEW YORK
CITY DEPARTMENT OF EDUCATION,

Defendants.
-----------------------------------------------------------X

**14 CV    8416**

**COMPLAINT**

Civil Action No.

ECF Case



### PRELIMINARY STATEMENT

1.      This action is brought under 42 U.S.C. § 1983 to seek redress for the violation of

the rights of Plaintiff C.T. and her son, C.H., a student with a disability, under the Individuals

with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*

2.      On September 27, 2013, Plaintiff invoked the IDEA's due process procedures by

filing a complaint with Defendant New York City Department of Education ("DOE") concerning

the provision of a free appropriate public education ("FAPE") to C.H.  As relevant to this action,

the due process complaint sought a finding that the DOE denied C.H. a FAPE for the 2011–2012

and 2012–2013 school years and an award of 702 hours of compensatory tutoring services to

redress that denial of FAPE.

3.      After a five-day hearing, an Impartial Hearing Officer found that the DOE denied

C.H. a FAPE for both of those school years.  However, the Impartial Hearing Officer awarded

C.H. a remedy of only 60 hours of compensatory tutoring to redress that denial of FAPE. C.T. appealed the Impartial Hearing Officer's decision to the New York State Education Department's Office of State Review to challenge the tutoring award. The DOE cross-appealed from the Impartial Hearing Officer's findings on the issue of FAPE.

4.     Pursuant to the federal regulations implementing the IDEA, the Office of State Review was required to issue a decision in the appeal "not later than 30 days" after the receipt of the request for review. 34 C.F.R. § 300.515(b)(1).

5.     The Office of State Review failed to do so. Although more than three months have elapsed since the last appeal paper was filed and Plaintiff's counsel has repeatedly written to request a decision, the Office of State Review has not decided the appeal, and the DOE's denial of FAPE to C.H. continues to go unaddressed.

6.     Plaintiff seeks a declaratory judgment that Defendants John B. King, Jr., Commissioner of Education of the New York State Education Department; James P. DeLorenzo, Assistant Commissioner of the New York State Education Department; and Justyn P. Bates, State Review Officer (collectively "State Defendants") have, acting under color of state law, deprived her and C.H. of their right to a timely administrative appeal decision on C.H.'s claim for compensatory educational services under the IDEA, and an injunction compelling the State Defendants to issue a decision in C.H.'s administrative appeal forthwith.

## JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims asserted herein arise under the laws of the United States.

8.     Venue is proper in the Southern District of New York under 28 U.S.C § 1391(b)(1) as the judicial district where Defendant DOE resides and under 28 U.S.C.

§ 1391(b)(2) as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

THE PARTIES

9.      Plaintiff C.T. is the parent and guardian of C.H.

10.     C.T. and C.H. reside together in the Bronx, New York.

11.     C.H. was born in 2002 and is currently twelve years old.

12.     At all times relevant to this action, C.H. has been a student with a disability within the meaning of the IDEA.

13.     C.H. is identified by his initials in the caption of this action and throughout the Complaint consistent with Federal Rule of Civil Procedure 5.2(a)(3). C.T. is identified by her initials to protect the privacy of C.H. See P.M. ex rel. J.M. v. Evans–Brant Cent. Sch. Dist., No. 08–CV–168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) ("Since a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials. . . . [I]n an action commenced by a parent or guardian on behalf of a minor child pursuant to the IDEA, the plaintiffs should be permitted to proceed, as a matter of course, using initials in place of full names in public filings with the Court."); see also J.M. ex rel. L.M. v. New York City Dep't of Educ., No. 12 Civ. 8504 (KPF), 2013 WL 5951436, at *1 n.1 (S.D.N.Y. Nov. 7, 2013) (quoting this portion of P.M. favorably and stating that the Court therefore would "not expressly name the child or the parents").

14.     Defendant John B. King, Jr. is the Commissioner of Education of the New York State Education Department.

15.   The New York State Education Department's principal office is located at 89 Washington Avenue, Albany, New York 12234.

16.   As Commissioner of Education, Defendant King serves as the "chief administrative officer" of the New York State Education Department. N.Y. Educ. L. § 101. Defendant King is "the chief executive officer of the state system of education and of the board of regents" and is required by New York State law to "enforce all general and special laws relating to the educational system of the state." N.Y. Educ. L. § 305(1). Defendant King is charged with "general supervision over all schools and institutions which are subject to the provisions of" the New York Education Law "or of any statute relating to education." N.Y. Educ. L. § 300.5(2).

17.   The Commissioner of Education has authority to appoint an assistant commissioner, "subject to the approval of the regents," as "deem[ed] necessary for the proper organization and general classification of the work of the department." N.Y. Educ. L. § 102.

18.   Defendant James P. DeLorenzo is Assistant Commissioner of the New York State Education Department.

19.   Defendant Justyn P. Bates is a State Review Officer with the New York State Education Department's Office of State Review.

20.   The Office of State Review is located at 80 Wolf Road, Suite 203, Albany, New York 12205.

21.   As a State Review Officer, Defendant Bates is responsible for reviewing decisions of Impartial Hearing Officers concerning the identification, evaluation, or educational placement of children who have, or are suspected of having, a disability, or of the provision of FAPE to such children, and for rendering written decisions in appeals taken from such decisions.

22.     Pursuant to New York State law, "A state review officer of the education department shall review and may modify, in such cases and to the extent that the review officer deems necessary, . . . any determination of the impartial hearing officer relating to the determination of the nature of a child's handicapping condition, selection of an appropriate special education program or service and the failure to provide such program and require such board to comply with the provisions of such modification." N.Y. Educ. L. § 4404(2).

23.     Defendant DOE is a corporate body organized under Article 52-A of the New York Education Law. N.Y. Educ. L. § 2590 *et seq.*

24.     Upon information and belief, the DOE maintains its principal place of business at 52 Chambers Street, New York, New York 10007.

25.     The DOE is responsible under the IDEA and the New York State Education Law for providing a FAPE to New York City residents between the ages of three and 21 who have been classified as students with disabilities in need of special education services and who have not yet received a regular high school diploma.

26.     The DOE is joined to this action as a necessary party pursuant to Federal Rule of Civil Procedure 19(a)(1)(B), as the DOE has an "interest relating to the subject of the action and is so situated that disposing of the action" in the absence of the DOE may "impair or impede" the DOE's "ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B).

## LEGAL FRAMEWORK

27.     In enacting the IDEA, Congress created a comprehensive statutory framework for "ensur[ing] that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A).

28.     The IDEA provides "procedural safeguards that enable parents and students to challenge the local educational agency's decisions," Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 197 (2d Cir. 2002), including the right to file a due process complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," 20 U.S.C. § 1415(b)(6)(A).

29.     In New York, IDEA due process complaints initially must be litigated in a hearing conducted at the school district level before an Impartial Hearing Officer.  N.Y. Educ. L. § 4404(1); N.Y. Comp. Codes R. & Regs. tit. 8 § 200.5(i)–(j).

30.     Pursuant to the IDEA, the decisions reached in school district–level impartial hearings are subject to administrative appeals to the State educational agency – in New York, to the State Review Officer.  20 U.S.C. § 1415(g); N.Y. Educ. L. § 4404(2); N.Y. Comp. Codes R. & Regs. tit. 8 § 200.5(k).

31.     The IDEA requires that the "State educational agency shall conduct an impartial review of the findings and decision appealed" and that "[t]he officer conducting such review shall make an independent decision upon completion of such review." 20 U.S.C. § 1415(g)(2).

32.     The federal regulations implementing the IDEA require the State educational agency to "ensure that not later than 30 days after the receipt of a request for a review - - (1) A final decision is reached in the review; and (2) A copy of the decision is mailed to each of the parties." 34 C.F.R § 300.515(b).

33.     Once the State educational agency issues its decision, administrative remedies have been exhausted, and either party may seek independent judicial review of the decision in the state or federal courts.  20 U.S.C. § 1415(i)(2)(A).

34.     However, the IDEA's "exhaustion requirement does not apply 'when pursuit of the administrative remedies would be futile because the agency either was acting in violation of the law or was unable to remedy the alleged injury.'" Cave v. East Meadow Union Free Sch. Dist., 514 F.3d 240, 249 (2d Cir. 2008) (quoting Heldman ex rel. T.H. v. Sobol, 962 F.2d 148, 159 (2d Cir.1992)).

35.     Furthermore, 42 U.S.C. § 1983 provides an avenue of relief for parents who have been denied a final administrative decision due to the violation of their due process rights under the IDEA.  In a case arising under the Education of the Handicapped Act, a predecessor statute to the IDEA, the Second Circuit Court of Appeals held:

> By limiting relief under § 1415(e)(2) [now § 1415(i)(2)(A)] only to parties aggrieved by the findings and decision of the administrative agency, Congress rather clearly disclosed its intention that that section not be used to provide relief for procedural deprivations whose effect was to prevent a handicapped child from ever reaching the stage of a final administrative determination.  Because of the availability of § 1983 to remedy such deprivations of the procedural rights granted by the statute, it was unnecessary for Congress to provide a separate scheme of judicial relief for plaintiffs who never reach the stage of 'findings and decision' due to defendants' misconduct.

Quackenbush ex rel. Gambee v. Johnson City Sch. Dist., 716 F.2d 141, 148 (2d Cir. 1983); see also Streck v. Bd. of Educ., 280 Fed. Appx. 66, 68 (2d Cir. 2008) (Summary Order) (holding that plaintiffs could not bring a claim under § 1983 because they "fail[ed] to allege a denial of procedural safeguards or administrative remedies" and "were afforded a hearing before an impartial hearing officer and review by a state review officer").

36.     "[T]he Second Circuit permits IDEA-based Section 1983 claims where the plaintiff was denied the procedural or administrative remedies that IDEA provides." Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-CV-3073 (JS) (AKT), 2013 WL 1182232, at *4 (E.D.N.Y. Mar. 21, 2013) (citing Quackenbush and Streck).

37.     "[W]hile the IDEA by itself confers substantive rights – and is itself a vehicle for plaintiffs to vindicate those rights – plaintiffs may also bring an action pursuant to Section 1983 for the deprivation of a liberty or property interest created by the IDEA by a person acting under color of state law." M.H. v. Mount Vernon City Sch. Dist., No. 13 CV 3596 (VB), 2014 WL 901578, at *8 (S.D.N.Y. Mar. 3, 2014).

38.     Although State officials sued in their official capacity are not deemed "persons" for purposes of § 1983 actions seeking monetary damages, "a state official in his or her official capacity, when sued for injunctive relief," is "a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 & n.10 (1989) (quoting Kentucky v. Graham, 73 U.S. 159, 167 n.14 (1985); citing Ex Parte Young, 209 U.S. 123, 159–60 (1908)).  Section 1983 "suits against state officers seeking only prospective injunctive relief are authorized by the Supreme Court's decision in Ex Parte Young." M.H. v. Mount Vernon City Sch. Dist., No. 13 CV 3596 (VB), 2014 WL 901578, at *11 (S.D.N.Y. Mar. 3, 2014).

## FACTS

39.     C.H. has been diagnosed with phonological dyslexia, orthographic dyslexia, dysgraphia, dyscalculia, and a mixed receptive-expressive communication disorder.

40.     During all times relevant to this action, C.H. has been classified by the DOE as a student with a Learning Disability.

41.     C.H. was initially referred for special education services during the 2008–2009 school year, while he was a first-grade student in a DOE public school.

42.     C.H. continued attending DOE public schools through the end of the 2012–2013 school year.

8

43.     From September 2009 to June 2013, C.H. attended P.S. 110X in the Bronx.

44.     While C.H. was enrolled in P.S. 110X, he was twice retained in a grade — he repeated the second grade during the 2010–2011 school year and the third grade during the 2012–2013 school year.

45.     After the 2012–2013 school year, it was determined that there was no appropriate program for C.H. in the DOE's public schools, and the DOE ultimately funded C.H.'s placement at The Hallen School, a New York State-approved nonpublic school for students with disabilities.

46.     On September 27, 2013, Plaintiff, through counsel, filed a due process complaint with the DOE's Impartial Hearing Office. As relevant to this action, the due process complaint requested findings that the DOE denied C.H. a FAPE for the 2011–2012 and 2012–2013 school years and an award of 702 hours of compensatory tutoring services for C.H. to redress that denial of FAPE.

47.     A hearing was held before Impartial Hearing Officer Diane Cohen, Esq. on five dates between December 2013 and February 2014.

48.     Impartial Hearing Officer Cohen issued her Findings of Fact and Decision on March 27, 2014. A copy of the Findings of Fact and Decision, redacted consistent with Federal Rule of Civil Procedure 5.2(a) and Paragraph 13 above, is annexed hereto as Exhibit A.

49.     Impartial Hearing Officer Cohen found that the DOE denied C.H. a FAPE for the 2011–2012 and 2012–2013 school years, but awarded C.H. only 60 hours of tutoring to redress that two-year denial of FAPE.

50.     By Verified Petition dated April 30, 2014, Plaintiff appealed to the New York State Education Department's Office of State Review that portion of the Impartial Hearing

Officer's decision that limited C.H.'s compensatory services award to 60 hours of tutoring. A copy of the Verified Petition, together with the accompanying Notice with Petition and related affidavits, redacted consistent with Paragraph 13 above, is annexed hereto as Exhibit B.

51.    Plaintiff asserted in her Verified Petition that the Impartial Hearing Officer's calculation of a remedy was without support in the record, and that the evidence in the record supported a finding that C.H. should be awarded approximately 700 hours of compensatory one-to-one tutoring. Plaintiff further asserted that the awarded tutoring services should be offered at a rate of $110.00 per hour.

52.    On June 10, 2014, the DOE served a Verified Answer and Cross-Appeal seeking reversal of the Impartial Hearing Officer's determination that the DOE denied C.H. a FAPE for the 2011–2012 and 2012–2013 school years or, in the alternative, affirmance of the Impartial Hearing Officer's award of 60 hours of compensatory tutoring together with a finding that the awarded tutoring hours should be provided by the DOE, rather than a private tutor. A copy of the Verified Answer and Cross-Appeal is annexed hereto as Exhibit C.

53.    On July 2, 2014, Plaintiff served a Verified Answer to Cross-Appeal. A copy of the Verified Answer to Cross-Appeal, together with the accompanying affidavits, redacted consistent with Paragraph 13 above, is annexed hereto as Exhibit D.

54.    Pursuant to the regulations governing appeals before the Office of State Review, no further pleadings were required or permitted following service of Plaintiff's Verified Answer to Cross-Appeal, and no further pleadings were served by the parties. See N.Y. Comp. Codes R. & Regs. tit. 8 §§ 279.4–279.6.

55.    Plaintiff's counsel mailed the original Verified Answer to Cross-Appeal to the Office of State Review following service on the DOE.

56.    Upon information and belief, the Verified Answer to Cross-Appeal was received by the Office of State Review on July 9, 2014.

57.    Pursuant to the federal regulations implementing the IDEA, the Office of State Review was required to issue a written decision in the appeal "not later than 30 days" after the receipt of the "request for a review." 34 C.F.R § 300.515(b).

58.    The Office of State Review failed to issue a decision in C.H.'s appeal and the DOE's cross-appeal within the timeframe prescribed by 34 C.F.R. § 300.515.

59.    Even if that regulation were interpreted to afford the Office of State Review 30 days from receipt of the Verified Answer to Cross-Appeal to issue a decision – the most generous possible interpretation – the State Review Officer was required to issue a decision in the appeal, and to mail a copy of the decision to the parties, no later than August 8, 2014.

60.    While the regulation permits the State Review Officer to "grant specific extensions of time . . . at the request of either party," 34 C.F.R. § 300.515(c), neither party requested an extension of time that would afford the State Review Officer more than 30 days from receipt of the last pleading in the appeal to issue a decision.

61.    On August 13, 2014, Plaintiff's counsel wrote to the Office of State Review to ascertain the status of the decision in the appeal.  A copy of that letter and a fax confirmation sheet showing its successful transmission to the Office of State Review is annexed as Exhibit E.

62.    Defendant Justyn P. Bates, State Review Officer, responded by letter dated August 13, 2014.  A copy of that letter is annexed as Exhibit F.  The letter states:

> This letter will acknowledge receipt of your correspondences dated August 13, 2014, inquiring as to the status of SRO appeal number 14-066.  A preliminary review of the parties' dispute in this proceeding has been conducted.  Please be assured that this office has no desire to see your case delayed.  I thank you for your continued patience.  Copies of your correspondence and this letter have been added to the administrative hearing record in the case referenced above.

63.     On August 29, 2014, Plaintiff's counsel, still not having received a decision in the appeal, sent a second letter to the Office of State Review.  The letter, addressed to Defendant Bates, explained that due to the DOE's cross-appeal, C.H. was not receiving any of the compensatory tutoring services deemed necessary by the Impartial Hearing Officer, and that the Office of State Review's failure to issue a timely decision in the appeal therefore was materially impacting C.H.'s education.  The letter stated that if a decision was not promptly issued, Plaintiff would be forced to seek relief in court to address the Office of State Review's violation of C.T.'s and C.H.'s rights.  A copy of the August 29, 2014 letter and a fax confirmation sheet showing its successful transmission to the Office of State Review is annexed as Exhibit G.

64.     To date, neither Defendant Bates nor any other representative of the Office of State Review has responded to counsel's August 29, 2014 letter.

65.     To date, Plaintiff has not received a decision from the Office of State Review on her appeal or the DOE's cross-appeal.

### THE OFFICE OF STATE REVIEW'S BROAD FAILURE TO COMPLY WITH THE FEDERAL REQUIREMENTS FOR ISSUING TIMELY ADMINISTRATIVE APPEAL DECISIONS

66.     The New York State Education Department and its Office of State Review are chronically out of compliance with the federal requirement to issue administrative appeal decisions within 30 days of the receipt of a request for review.

67.     On March 28, 2014, Melody Musgrove, Ed.D., Director of the Office of Special Education Programs ("OSEP") at the United States Department of Education, wrote to Defendant James P. DeLorenzo, Assistant Commissioner of the New York State Education Department, concerning New York's compliance with the federal requirements for issuance of State-level administrative appeal decisions under the IDEA.  A copy of that letter is available on

the Office of State Review's website at http://www.sro.nysed.gov//20140328-LetterMusgrovetoJD.pdf.

68.     The March 28, 2014 letter advised Defendant DeLorenzo of OSEP's determination that New York was out of compliance with 20 U.S.C. § 1415(g) and 34 C.F.R. §§ 300.514(b) and 300.515(b).  The letter stated that based on OSEP's review of the relevant data:

> [A]s of July 19, 2013, there were approximately 238 overdue OSR decisions, with at least one decision being 412 days overdue.  The data indicate that the yearly percentage of timely OSR decisions over the three-year period from 2010 to 2012 varied from 78.4% for 2010 and 81.21% for 2011 to only 39.33% for 2012. While the 2013 data covered only a six-month period, of the 134 appeals filed, only 28 OSR decisions were issued on time.

69.     The letter noted that "Congress has expressly given the 30-day timeline in the regulation specially protected status" and that the United States Department of Education "does not have authority to grant a waiver of the relevant statutory provisions or to otherwise amend the Congressionally-protected IDEA regulation establishing the 30-day timeline."

70.     Defendant John B. King, Jr., Commissioner of Education, responded to Dr. Musgrove by letter dated April 9, 2014.  A copy of that letter is available on the Office of State Review's website at http://www.sro.nysed.gov//20140409-LettertoMusgrovefromJBK.pdf.  The individuals copied on the letter included Defendant DeLorenzo.

71.     The April 9, 2014 letter conceded that "NYSED's Office of State Review (OSR), which is the second tier in New York's two-tier special education due process system, has been in noncompliance since April 2012 with the 30-day decision timeline" set forth in 34 C.F.R. § 300.515 and corresponding State regulations.

72.     The April 9, 2014 letter stated: "As of April 1, 2014 the OSR had 199 appeals pending that will not be decided timely."

73.     The April 9, 2014 letter requested that OSEP consider the New York State Education Department a candidate for a compliance agreement pursuant to § 457 of the General Education Provisions Act, 20 U.S.C. § 1234(f). The letter advised, however, that the State's noncompliance could not be corrected within one year.

74.     On July 16, 2014, the United States Department of Education held public hearings to determine whether it should enter into a compliance agreement with the New York State Education Department to address its noncompliance with 20 U.S.C. § 1415(g) and 34 C.F.R. §§ 300.514(b) and 300.515(b).

75.     Upon information and belief, the United States Education Department has not yet issued a determination regarding whether it will enter into the requested compliance agreement.

76.     Upon information and belief, the Office of State Review continues to have many backlogged cases in which decisions are long overdue and remain outstanding.

77.     As this case demonstrates, the Office of State Review also has not been able to issue timely decisions in all appeals filed after OSEP's identification of noncompliance and the State's request to enter into a compliance agreement with the federal government.

78.     In response to the Office of State Review's failure to issue timely decisions, two district courts have found that it may be appropriate to excuse State-level exhaustion and take jurisdiction of parents' IDEA claims.

79.     In M.G. ex rel. Y.T. v. New York City Department of Education, No. 13 Civ. 4639 (SAS), 2014 WL 229835 (S.D.N.Y. Jan. 21, 2014), this Court excused exhaustion for one plaintiff based on "[e]xcessive [a]dministrative [d]elay." Id. at *4. The Court found that where the State Review Officer delayed "more than half the school year in question" in issuing a

14

decision, the delay "render[ed] the administrative process futile or inadequate," and exhaustion therefore should be excused. Id.

80.     In <u>Walsh ex rel. V.W. v. King</u>, No. 1:14-CV-1078 (LEK/RFT), 2014 WL 4630691 (N.D.N.Y. Sept. 12, 2014), a case involving a more than seven-month overdue decision, the U.S. District Court for the Northern District of New York ordered State Review Officer Justyn P. Bates "to issue a decision within fourteen days," and held that if the State Review Officer failed to do so, the Court would "find exhaustion futile and exercise jurisdiction over Plaintiffs' claims." Id. at *3.

## CAUSES OF ACTION

81.     State Defendants, acting under color of state law, have violated the IDEA and its implementing federal regulations, 20 U.S.C. § 1415(g); 34 C.F.R. §§ 300.514(b), 300.515(b), and denied Plaintiff and her minor son, C.H., a timely State-level administrative appeal decision on C.H.'s claim for compensatory educational services under the IDEA.

82.     To date, C.H. has not received any compensatory tutoring services to redress the DOE's two-year denial of FAPE, and he will not receive any such services unless and until a decision is reached by the Office of State Review or a court on the claims raised by Plaintiff and Defendant DOE on appeal from the Impartial Hearing Officer's decision.

83.     Defendants John B. King, Jr. and James P. DeLorenzo are personally aware of the Office of State Review's chronic noncompliance with 20 U.S.C. § 1415(g) and 34 C.F.R. §§ 300.514(b) and 300.515(b); are personally involved in and responsible for redressing this noncompliance by virtue of their official positions within the New York State Education Department; and have failed to bring the Office of State Review into compliance with 20 U.S.C.

§ 1415(g) and 34 C.F.R. §§ 300.514(b) and 300.515(b) and to ensure the issuance of timely administrative appeal decisions in cases such as Plaintiff's.

84.    Defendant Justyn P. Bates is personally aware of the Office of State Review's failure to issue a timely decision in Plaintiff's appeal; is personally aware of the material impact this noncompliance with federal law is having on C.H.'s education; and yet has failed to redress this noncompliance or to issue a decision in the case.

85.    Plaintiff has been denied the procedural safeguards and administrative remedies guaranteed by the IDEA and its implementing regulations.  Plaintiff has made all appropriate efforts to exhaust her IDEA claim at the State administrative level, to no avail.  Exhaustion has proved futile and inadequate for Plaintiff.  Plaintiff should not be forced to endure State Defendants' violation of federal law for any longer before this Court takes jurisdiction and awards Plaintiff an appropriate remedy.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

1.    Assume jurisdiction over this action;

2.    Enter a declaratory judgment finding that the State Defendants, acting under color of State law, have violated the IDEA and its implementing federal regulations, 20 U.S.C. § 1415(g) and 34 C.F.R. §§ 300.514(b) and 300.515(b), and denied Plaintiff and her minor son, C.H., a timely State-level administrative appeal decision on C.H.'s claim for compensatory educational services under the IDEA;

3.    Issue an injunction ordering State Defendants, through the Office of State Review, to render a decision in Plaintiff's administrative appeal and provide a copy of the decision to the parties within 14 days of the issuance of the injunction;

4.     Issue an Order directing that if the Office of State Review fails to issue a decision in Plaintiff's administrative appeal within 14 days of the issuance of the injunction, State-level administrative exhaustion will be deemed waived, the Office of State Review will be divested of jurisdiction to decide Plaintiff's administrative appeal, and this Court will assume jurisdiction to decide the substance of Plaintiff's appeal from the Impartial Hearing Officer's decision;

5.     Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(i)(3)(B)(i)(I); and

6.     Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 21, 2014


_____
ERIN MCCORMACK-HERBERT (EM 6058)
PARTNERSHIP FOR CHILDREN'S RIGHTS
Attorney for Plaintiff
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 229
Fax: (212) 683-5544
emccormack@pfcr.org


_____
THOMAS GRAY (TG 0880)
PARTNERSHIP FOR CHILDREN'S RIGHTS
Attorney for Plaintiff
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 246
Fax: (212) 683-5544
tgray@pfcr.org